IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01943-BNB

MIGUEL TRIMBLE,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DISMISSING CASE IN PART AND DRAWING CASE IN PART
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

I. Background

Applicant, Miguel Trimble, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the state prison correctional facility in Limon, Colorado. Mr. Trimble, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 99CR4106 in the Denver District Court of Colorado. In an order filed on August 19, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 15, 2009, Respondents filed a Pre-Answer Response. Mr. Trimble filed a Reply on October 1, 2009. Upon review of the Pre-Answer Response, Magistrate Judge Boland directed Respondents to supplement the Response and address procedural default issues with

respect to Claim Four. On November 12, 2009, Respondents filed a Supplement. Mr. Trimble filed a Reply to Respondents' Supplemental Pre-Answer Response on December 10, 2009, and an "Addendum" on January 11, 2010.

In the Application, Mr. Trimble asserts that following a jury trial he was convicted of felony murder and attempted aggravated robbery and was sentenced to life without parole. (Application at 2.) He further asserts that the Colorado Supreme Court denied his petition for certiorari review on August 22, 2005 on direct appeal. (Application at 3.) Mr. Trimble also states that the Colorado Supreme Court denied his petition for certiorari review on October 29, 2007 in his first Colo. R. Crim. P. 35(c) postconviction motion, and the Colorado Court of Appeals denied his appeal on July 2, 2009 in his second Rule 35(c) postconviction motion, but that he did not file a petition for certiorari review in the motion. (Application at 4 and 4.I.)

II. Analysis

The Court must liberally construe Mr. Trimble's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Trimble raises six claims in the Application, including: (1) invalid waiver of his right to testify in his own behalf; (2) inadmissible hearsay evidence involving the victim and a victim's friend; (3) inadmissible testimony; (4) ineffective assistance of trial and appellate counsel, including twenty-two subclaims; (5) inadmissible hearsay evidence involving a witness; and (6) denial of DNA testing.

### A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Trimble's Application is timely under 28 U.S.C. § 2244(d). Contrary to Respondents' arguments regarding timeliness, the Court finds as follows:

From November 21, 2005 until January 31, 2006, the time tolled for the purposes of 28 U.S.C. § 2244(d) is seventy-two days and not forty-two days as asserted by Respondents. Also, from October 30, 2007, the day after the Colorado Supreme Court denied Mr. Trimble's petition for certiorari review in his first Rule 35(c) postconviction motion, until August 6, 2008, the day prior to when Mr. Trimble filed his second Rule 35(c) postconviction motion (*see* Pre-Answer Resp., Ex. N at 2 and Ex. H), a total of 282 days, Mr. Trimble did not have a postconviction motion or a collateral proceeding pending in state court. Although Mr. Trimble did have a § 2254 action pending in this court during that time, that time is not tolled for the purposes of § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").

The Court further finds that the time is tolled from July 3, 2009, the day after Mr. Trimble's second Rule 35(c) postconviction motion was denied by the Colorado Court of Appeals, until August 17, 2009, when the time expired to petition the Colorado Supreme Court for certiorari review. *See* Colo. App. R. 52(3). Mr. Trimble, however, submitted the instant action to this Court prior to August 17, 2009. Therefore, the time

3

that is not tolled for purposes of § 2244(d) is only 354 days, and the Application is timely.

B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court, the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)). The adequacy of a state procedural bar, however, is not within the state's prerogative to decide, but rather is itself a federal question. *See Lee v. Kemna*, 534 U.S. 362, 375 (2002).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Trimble's *pro se* status does not exempt him from the

5

requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts [ ] an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). An example of an objective impediment to compliance with a procedural rule would be the "showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable . . . ." *Id.* at 488 (internal quotation and citations omitted). Mr. Trimble also must exhaust the independent ineffective assistance of counsel claim in state courts. *Id.* at 489.

A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). To establish actual innocence, Mr. Trimble must demonstrate that in the light of all the evidence it is more likely than not that no reasonable juror would have convicted him. *Id.* The innocence claim must be factual and not legal insufficiency. *Id.*

Respondents contend that Claims One through Three and Claim Five are exhausted, but they also contend that part of Claim Four and all of Claim Six are procedurally barred.

Respondents argue that Claim Six is not exhausted because Mr. Trimble failed

6

to present the claim to the Colorado Supreme Court. In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Colorado law:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at 849. The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990), and mirrors the language in Colo. App. R. Rule 51.1, in stating:

> a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

*In re Exhaustion of State Remedies*, 321 S.C. at 564. The Court, therefore, finds that Colo. App. R. 51.1 makes review in the Colorado Supreme Court unavailable for the purposes of the exhaustion requirement.

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). "[T]here is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *See O'Sullivan*, 526 U.S. at 847-48. If a state articulates that a certain avenue for relief is not part of its standard appellate review process, a defendant is not required to pursue that avenue in order to exhaust state remedies. *Id.* at 844-847. In adopting Colo. App. R. 51.1, the State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. Mr. Trimble, therefore, has exhausted Claim Six.

In the Supplemental Pre-Answer Response, Respondents identify the twenty-two subclaims under Claim Four as follows:

Trial counsel did not--

(1) move for severance from co-defendant's case;

(2) request a hearing based on *Brady*;

(3) correctly advise Mr. Trimble of right to testify;

(3)[1] adequately investigate Mr. Trimble's case;

(4) adequately investigate whether witness would testify regarding Mr. Trimble's involvement in a prior murder and correctly advise Mr. Trimble of his right to testify;

---

[1] Respondents have identified two separate subclaims as Subclaim Three.

(5) move the court to determine if impeachment evidence regarding a witness existed;

(6) move the court to prohibit the testimony of a witness under CRE 403;

(7) correctly advise on right to testify against co-defendant;

(8) request a limited jury instruction on CRE 404(b) evidence;

(9) (10) (11) prevent the complicity instruction from being given to the jury;

(12) (13) request a jury instruction on the term "confederate";

(14) interview co-defendants;

(15) present a duress defense;

(16) move for acquittal based on insufficient evidence;


Appellate Counsel did not--

(17) raise an insufficiency of the evidence claim on direct appeal;

(18) raise trial court's failure to address a discovery claim regarding the prosecution withholding evidence;

(19) raise the severance issue;

(20) raise a prosecutorial misconduct claim.

Respondents also state that Mr. Trimble asserts that (21) counsel[2] committed cumulative errors and (22) the Colorado Court of Appeals assessed a hearsay claim contrary to law.

Respondents argue that Subclaims 2, 3,[3] 4, 8, 20, and 21 are procedurally barred. Respondents further argue that Subclaims 2, 3, and 4 could have been raised

---

[2] This Subclaim includes errors made by both trial and appellate counsel.

[3] The Court will consider both Subclaims identified as Subclaim Three.

9

in Mr. Trimble's direct appeal but were not, and the exceptions under the successive postconviction motions rule do not apply to these claims. (Supplemental Pre-Answer Resp. at 7-8.) Respondents also contend that the Colorado Court of Appeals found that Subclaims 2 and 8 could not be raised as ineffective assistance of counsel claims in a postconviction motion because the issues raised in these claims previously were resolved in another context in Mr. Trimble's direct appeal, and the claims are procedurally defaulted. (*Id.* at 8.) Respondents also contend that (1) Mr. Trimble failed to raise Subclaims 20 and 21 as ineffective assistance of counsel claims in state court; (2) these claims would be denied as successive in state court; and (3) because no state remedy exists the claims are procedurally defaulted in state court. (*Id.*)

Mr. Trimble argues that Subclaims 2, 3, and 4 are not procedurally barred because ineffective assistance of counsel claims must be brought in a collateral proceeding and not on direct appeal. (Reply at 2.) Mr. Trimble also argues Subclaims 2 and 8 are not procedurally barred under *Cone v. Bell*, 129 S. Ct. 1769 (2009) because state court determinations that rest on false premises do not provide an independent and adequate state ground to bar federal habeas corpus review. (Reply at 3.) As for Subclaim 20, Mr. Trimble contends that the claim is not procedurally defaulted because he argued in his "Points and Authorities in Support Granting State Postconviction Relief" under Claim One that his judgment and conviction was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. (*Id.* at 2.) Mr. Trimble does not indicate in which postconviction motion he filed the points and authority.

Mr. Trimble raised Subclaim 21 in his opening brief in his first Rule 35(c)

postconviction motion, and the Colorado Court of Appeals addressed the claim in the opinion entered on July 12, 2007. (*See* Pre-Answer Resp., Ex. E at 10 and Ex. F at 5.) Subclaim 21 is exhausted.

The Colorado Court of Appeals declined to address Subclaims 2 and 8 as presented in Mr. Trimble's first Rule 35(c) postconviction motion because Mr. Trimble's challenge to "trial counsel's failure to move for dismissal based on suppression of impeachment evidence or counsel's failure to request a limiting instruction with respect to CRE 404(b) evidence as applied to [Mr. Trimble's] anticipated testimony, as both were resolved on direct appeal." (*See* Pre-Answer Resp., Ex. F at 5-6.) Mr. Trimble is prohibited from relitigating issues in a Rule 35 proceeding that were fully and finally resolved in an earlier appeal. *DePineda v. Price*, 915 P.2d 1278, 1281 (Colo. 1996); *see also People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (finding that "an argument raised under Rule 35 which does not precisely duplicate an issue raised on appeal will be precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory" (internal quotations and citations omitted)). Furthermore, under Colo. R. Crim. P. 35(c)(3)(VI) and (VII), the Colorado Court of Appeals will not address any claim that could have been raised in a prior appeal.

In Subclaim 2, Mr. Trimble asserts that trial counsel failed to challenge the prosecution's withholding of the videotape of a witness's statement. In the opening brief on direct appeal, Mr. Trimble argued that the prosecution had an affirmative duty to turn over materials in its possession and that the trial court abused its discretion in not sanctioning the prosecution for the late disclosure of the videotape. (Pre-Answer

11

Resp., Ex. A at 36-39.) Upon review of the court of appeals' opinion on direct appeal, this Court finds that, although the court of appeals found it was within the sound discretion of the trial court to deny a motion for mistrial based on the statements given by a witness, the Court of Appeals did not address Mr. Trimble's claim regarding the prosecution's delay in providing the videotape of the witness's prior statement to the police. (Pre-Answer Resp. at Ex. B.) Under *DePineda*, Subclaim 2 is not procedurally defaulted because the issue was not fully and finally resolved in an earlier appeal.

In Subclaim 8, Mr. Trimble challenges trial counsel's failure to request a limited jury instruction on a witness's testimony regarding Mr. Trimble's involvement in a prior homicide. In Mr. Trimble's opening brief on direct appeal, he argued that the trial court prohibited him from testifying on his own behalf by erroneously admitting testimony about his alleged involvement in a prior homicide. (Pre-Answer Resp., Ex. A at 18.) The court of appeals addressed the issue finding that the trial court properly concluded that the evidence outlined by the prosecution would be admissible as impeachment evidence without conducting a Rule 404(b) hearing. (Pre-Answer Resp., Ex. B at 10.) Mr. Trimble's attempt to raise the impeachment evidence and the right to testify issues in his first postconviction motion based on trial counsel's failure to request a limited jury instruction is procedurally defaulted under *Rodriguez*. As found by the Colorado Court of Appeals, the claim is an attempt to address under a different constitutional theory an issue that was previously addressed in Mr. Trimble's direct appeal. Subclaim 8, therefore, is procedurally defaulted.

As for Subclaims 3 and 4, the Colorado Court of Appeals did not deny these claims because they could have been raised on direct appeal, (Pre-Answer Resp., Ex.

12

F at 6); to the contrary, the Court of Appeals addressed these claims on the merits. (*Id.*) Subclaims 3 and 4, therefore, are not procedurally defaulted.

With respect to Subclaim 20, the Court has reviewed Mr. Trimble's opening brief in both of his Rule 35(c) postconviction motions. In his first postconviction motion, Mr. Trimble asserted appellate counsel was ineffective because he did not raise an insufficient evidence claim and a severance claim and he did not file a motion for a rehearing to address the **Brady** claim. (Pre-Answer Resp., Ex. E at 10.) In the second postconviction motion, Mr. Trimble argued appellate counsel was ineffective because he failed to present trial counsel's errors under federal law and he failed to raise the **Brady** claim with respect to the videotape interview. (Pre-Answer Resp.,Ex. I at 14-16.) Mr. Trimble did not fairly present the prosecutorial misconduct claim in either postconviction motion, and the state courts did not have the opportunity to review the claim. Therefore, because Mr. Trimble could have brought this claim in his postconviction motion but failed to do so, the claim would be denied as successive and an abuse of process under Rule 35(c)(3)(VII). Subclaim 20, therefore, is procedurally defaulted.

Nothing Mr. Trimble asserts in his Addendum supports a finding of cause and or a fundamental miscarriage of justice with respect to his procedural default in Subclaims 8 and 20.

Mr. Trimble argues cause based on trial counsel's failure to adequately investigate whether a witness would testify regarding his involvement in a prior murder and to correctly advise him of his right to testify. (Reply at 3-5.) Mr. Trimble further argues that both trial and appellate counsel were ineffective in not arguing his **Brady**

13

claim and his prosecutorial misconduct claim.

Based on the above findings, Mr. Trimble did not raise an ineffective assistance of counsel claim that addressed prosecutorial misconduct in either of his postconviction motions. Therefore, he has failed to show cause under *Murray* regarding his procedural default of Subclaim Twenty.

With respect to the impeachment evidence and his right to testify, Mr. Trimble simply argues cause for procedural default based on ineffective assistance of trial counsel. Mr. Trimble did not raise in his postconviction motions ineffective assistance of appellate counsel regarding impeachment evidence and his right to testify. As stated above, to state a claim of cause and prejudice based on ineffective assistance of counsel Mr. Trimble must show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule and have presented to the state courts an independent claim before it may be used to establish cause for a procedural default. Mr. Trimble also must exhaust a procedural default claim in state court. Mr. Trimble, therefore, has failed to show cause under *Murray* for finding that his ineffective assistance of trial counsel claim regarding impeachment evidence and his right to testify are not procedurally defaulted.

Mr. Trimble also argues actual innocence based on the Colorado Court of Appeals' summary of the facts of his case, which he alleges includes a statement that he was not the person who jumped from the jeep with a gun drawn in his hand to rob or kill the victim. (Reply to Respondents' Suppl. Pre-Answer Response at 3.) In summarizing the facts of Mr. Trimble's case, the Colorado Court of Appeals stated,

> One passenger (not defendant) got out of the car with a gun drawn. The victim's friend ran from the scene, and while

> fleeing heard the shooter say, "Break yourself. You know what time it is," indicating that the victim was going to be robbed. The victim and the shooter struggled, ending with the victim being fatally shot.

(Pre-Answer Resp., Ex. F at 1.) The Court of Appeals does not indicate that the shooter was not Mr. Trimble. The Court of Appeals' summary, therefore, does not support a finding of actual innocence as required under *Bousley*.

Mr. Trimble also has submitted a sworn affidavit that states what his testimony would have been if he had been allowed to testify. (Addendum at 10.) The sworn affidavit is self-serving. Neither the summary nor the affidavit demonstrate that it is more likely than not that no reasonable juror would have convicted him. *Bousley*, 523 U.S. at 622. Mr. Trimble has failed to show a probability of actual innocence and to set forth a fundamental miscarriage of justice exception. Therefore, Subclaim 20 is barred from federal review.

Mr. Trimble concedes Subclaim 22 is the same claim that is raised in Claim 5. (*Id.* at 1.) Subclaim 22, therefore, is repetitive and will be dismissed.

III. Conclusion

Accordingly, it is

ORDERED that the Application shall, in part, be drawn to a district judge and to a magistrate judge, to include Claims One through Three, Subclaims 1 through 7, 9 through 19, and 21 in Claim Four, and Claims Five and Six, . It is further

ORDERED that Subclaims 8 and 20 of Claim Four are dismissed as procedurally barred from federal habeas review. It is further

ORDERED that Subclaim 22 of Claim Four is dismissed as repetitive.

DATED at Denver, Colorado, this  8th   day of   March  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01943-BNB

Miguel Trimble
Prisoner No. 111124
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Roger G. Billotte
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/8/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk